THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAMS ENGINEERING AND CONTRACTING COMPANY, Respondent, *v.* HERMAN A. METZ, as Comptroller of the City of New York, Appellant.

**Civil and penal statutes relative to same subject-matter — Labor Law — hours of labor on public work.**

Civil and penal acts may provide for concurrent and cumulative remedies; one civil in its character, the other penal in its nature, the one to redress a wrong to the person injured, the other to vindicate the dignity of the state.

Chapter 506 of the Laws of 1907, amending section 384h of the Penal Code, is entirely independent of and has no bearing on the Labor Law so far as the questions passed upon in the appeal herein are concerned.

The decision in this case (193 N. Y. 148) was simply that the provisions of the Labor Law of 1906, limiting the hours of labor on public works and prohibiting state and municipal officers from paying for work done in violation of such provisions, are valid.

(Submitted January 4, 1909; decided January 12, 1909.)

MOTION for re-argument.    (See 193 N. Y. 148.)

*L. Laflin Kellogg* for motion.

*Francis K. Pendleton, Corporation Counsel* (*Theodore Connoly*, of counsel), opposed.

VANN, J. The relator moves for a re-argument of the appeal herein upon the ground that a statute, claimed to be *in pari materia* with the one passed upon by the court, was not brought to its attention through the inadvertence of counsel.

Upon the argument the main question discussed was whether the Labor Law of 1906 is in conflict with either the State or the Federal Constitution and we held that it is not, in so far as it limits the hours of labor on public work and prohibits any state or municipal officer from paying for work done in violation of this provision. (*People ex rel. Williams Engineering & Contracting Co.* v. *Metz*, 193 N. Y.

10.

146      People ex rel. W. E. & C. Co. *v.* Metz.      [Jan.,

Opinion of the Court, per Vann, J.      [Vol. 194.

148.) We expressed no opinion as to the effect on the contract of the failure to comply with the provision requiring certain stipulations to be inserted therein, nor did we hold that the contract was either valid or void. We did not decide that the statute was valid in every respect or void in any respect, but simply that the limitation and prohibition above named were valid and that they justified the comptroller in refusing to pay for work done in violation of the statute in the respects named. In dismissing the proceeding, we expressly directed that it be without prejudice to an application for an alternative writ of mandamus, or to the commencement of an action to recover the amount of the claim in question. While many questions were presented by the record that we might have decided, we passed upon those only that were essential to the disposition of the case, and we so stated in our opinion, giving our reasons for such conservative action.

The statute which the counsel for the relator did not mention in his brief or argument, and which he now wishes us to consider, is chapter 506 of the Laws of 1907. It amends section 384-h of the Penal Code by providing, among other things not now material, that "if any contractor with the State or a municipal corporation shall require more than eight hours for a day's labor, upon conviction therefor in addition to such fine (imposed in an earlier part of the section), the contract shall be forfeited at the option of the municipal corporation."

That act, although not called to our attention by counsel, was considered by us, and the reason we did not allude to it in our opinion is that we thought it had no bearing on the questions that we decided. We regarded the civil act as independent of the penal act, and that the latter neither amended nor affected the former, so far as the questions passed upon were concerned. The acts provide for concurrent and cumulative remedies, the one civil in character, for the benefit of the city, and the other, penal in nature, for the benefit of the state, and incidentally authorizing a forfeiture

as part of the penalty. It is not unusual in repressive legislation to provide one remedy by civil action to redress the wrong done to the person or corporation injured, and another by criminal prosecution to redress the wrong done to the state and to vindicate its dignity.

The motion should be denied, with ten dollars costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Motion for re-argument denied.